UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIA BRUMFIELD SIMS

VERSUS

HANOVER INSURANCE COMPANY,
ET AL

CIVIL ACTION

NUMBER 07-542-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 12, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIA BRUMFIELD SIMS

VERSUS

HANOVER INSURANCE COMPANY, ET AL

CIVIL ACTION

NUMBER 07-542-JJB-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is a Motion to Remand filed by plaintiff Julia Brumfield Sims.  Record document number 4.  The motion is opposed by defendant The Hanover Insurance Company.[1]

On June 22, 2006, a commercial building owned by the plaintiff was substantially damaged in a fire.  The building was insured by The Hanover Insurance Company (Hanover) through an insurance agency and agent, Jackson-Vaughn Agency, Inc. and John E. Wells, II, (collectively, agency/agent).  The policy was issued on August 3, 2001 and was automatically renewed annually at the end of each policy period.

Plaintiff filed this suit in state court against Hanover, and the agency/agent alleging that the building was negligently under-insured and that the defendants under-estimated the replacement costs of the building.  Plaintiff also alleged that during the policy period of August 3, 2005 through August 2, 2006, the defendants negligently reduced the Ordinance and Law coverage from

---

[1] Record document number 6.

$50,000.00 to $5,000.00 without notifying her or obtaining her consent.

Defendant Hanover removed the case to this court based on diversity jurisdiction, specifically alleging that the agency/agent were improperly joined.[2]  28 U.S.C. § 1332(a).  Specifically, the defendant argued that the plaintiff's claims against the agency/agent are prescribed and also peremptively barred under LSA-R.S. 9:5606.  Defendant also asserted that the plaintiff has no cognizable claim under Louisiana law against the agency/agent.  Alternatively, the defendant argued that the plaintiff cannot join her contractual claims against it with her tort claims against the agency/agent.

### Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was

---

[2] Notice of Removal, ¶¶ 6-9.  Hanover alleged in the notice of removal that it is a corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts, defendant Jackson-Vaughn Insurance Agency, Inc., is a Louisiana corporation with its principal place of business in Louisiana, defendant John E. Welles, II is a Louisiana citizen, and the plaintiff is a Louisiana citizen.

improper.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *petition for cert. filed*, 73 U.S.L.W. 3372 (Dec. 9, 2004).  Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case.  *Id*.

There are two ways recognized to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Id*., *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant.  Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  *Smallwood*, 385 F.3d at 573.  The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6) analysis, or by piercing the pleadings and conducting a summary inquiry.  *Id*.  In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing

3

party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

An insurance agent owes a fiduciary duty to an insured and is liable for his own fault and neglect. *Landry v. State Farm Fire & Casualty Co.,* 428 F.Supp.2d 531, 536 (E.D. La. Apr. 25, 2006) *citing*, *Offshore Prod. Contractors, Inc. V. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990). In order to prevail in an action against an insurance agent for a breach of his fiduciary duty, the plaintiff must show (1) an undertaking or agreement by the agent to procure insurance, (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance, and (3) actions by the agent warranting the client's assumption that he is properly insured. *Id*.

Actions for professional insurance agent liability are governed by LSA-R.S. 9:5606 which provides in part:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

4

## **Analysis**

A review of the allegations of the petition in light of the applicable law shows that the defendant has carried its burden to demonstrate improper joinder. Plaintiff alleged in her petition that her building was under-insured and that the agency/agent inaccurately determined the replacement costs of the building. Any claims against the agency/agent arising out of the initial procurement of the policy in 2001 and the coverages provided by it are pre-empted under LSA-R.S. 9:5606(A) since the policy was originally written more than three years before suit was filed.

Although the plaintiff's claims arising out of the issuance of the original insurance policy are pre-empted, Louisiana courts have recognized that insurance renewals can be the basis of separate torts for the purpose of restarting the peremption period, provided the complained-of conduct constitutes a separate and distinct act which give rise to immediately apparent damages.[3] In this case, the plaintiff's petition is devoid of any factual allegation which indicates that the agency/agent committed a separate and distinct act of negligence during any of the renewals periods.

Plaintiff argued that the reduction in her Ordinance and Law coverage applied in the August 2005 renewal establishes a basis for a separate tort. Plaintiff argued that the agency/agent was

---

[3] *Fidelity Homestead Association v. The Hanover Insurance Company*, 458 F.Supp.2d 276 (E.D. La Oct. 25, 2006).

negligent for lowering the amount of coverage.  Defendant submitted evidence showing that the agency/agent did not make any requests to change the policy.[4]  Viewed in a light most favorable to the plaintiff, the facts alleged in the petition do not create a dispute over this evidence.  Because the plaintiff has failed to submit any other contradictory evidence, the record at the time of removal does not support a claim based on the agency/agent's being responsible for the change in Ordinance and Law coverage.

Plaintiff also argued that the change in Ordinance and Law coverage supports a negligence claim based on the agency/agent's failure to obtain her consent or notify her of the change to the coverage limits.  Louisiana law does not support the plaintiff's position that her agency/agent had a general duty to obtain her consent or personally notify her of a change in coverage.[5]  Under certain circumstances, an insurance agent's responsibility to his client could extend beyond the initial procurement of the insurance policy.  This would depend on what services the agent holds himself out as performing and the nature of the specific relationship and

---

[4] Record document number 6, exhibit A, Affidavit of John E. Welles, II, ¶ 7.

[5] An insured has a duty to read the insurance policy and is presumed to understand its terms.  *Motors Insurance Co. v. Bud's Boat Rental*, 917 F.2d 199, 205 (5th Cir. 1990). There is no dispute about whether the plaintiff received each renewal policy or the notice about the reduction in the Ordinance and Law coverage sent with the August 2005 renewal.

agreements between the agent and his client.[6] However, in this case, the plaintiff has not alleged any facts establishing such a special relationship or agreement was assumed by the agency/agent. Thus, a claim against the agency/agent for failure to obtain the plaintiff's consent or notify her of the change in coverage would be unsuccessful based on the facts as alleged in the petition.

Plaintiff's relied on *Fidelity Homestead Association v. The Hanover Insurance Company* in support of her position that her claims against the agency/agent are timely.[7] In *Fidelity*, evidence was presented to the court demonstrating that the agent had yearly meetings with the insured before each policy renewal to discuss whether all necessary and proper coverages had been procured.[8] The court found that these facts established the possibility that a separate and distinct act was committed at the time of the renewal for purposes of restarting the peremption period.

In this case, the plaintiff's petition only alleged facts concerning representations made at the time of the initial procurement of the policy. Thus, *Fidelity* does not provide grounds for restarting peremption based on a separate and distinct negligent act committed in connection with the August 2005 renewal.

---

[6] *Belmont Commons, L.L.C. v. Axis Surplus Ins. Co.*, 2007 WL 2751202, 2 (E.D. La. Sept. 19, 2007).

[7] *Fidelity*, 458 F.Supp.2d 276.

[8] *Id.* at 280.

The record at the time of removal does not contain any facts which could support the conclusion that the agency/agent had a legal duty to the plaintiff beyond the initial procurement of the insurance policy. Because the policy was procured more than three years ago, any claims arising out of that transaction are pre-empted under LSA-R.S. 9:5606. Defendant has satisfactorily demonstrated that the plaintiff has no possibility of recovery against Jackson-Vaughn Agency, Inc., and John E. Wells, II, based on the facts alleged in her petition. Thus, these parties are improperly joined.

## Recommendation

It is the recommendation of the magistrate judge, that the plaintiff's motion to remand be denied.

Baton Rouge, Louisiana, October 12, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE